UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURTIS L. McBRIDE, | |
| Plaintiff, | |
| v. | Cause No. 3:23-CV-1067-PPS-JEM |
| WARDLOW, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Curtis L. McBride, a prisoner without a lawyer, filed a complaint. [DE 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On June 12, 2023, McBride, who is housed at Indiana State Prison ("ISP"), saw Dr. Ruckers, a prison dentist, who told him one of his back teeth needed to be extracted. [DE 1 at 2.] Dr. Ruckers and Sgt. Welch explained the procedure would be done while McBride was lying on a dental chair with his hands cuffed behind his back. *Id*. McBride refused to have the procedure done because he previously required medical treatment for his wrists after his hands had been cuffed for an excessive amount of time. *Id*. at 2-3.

On June 16, McBride was released from ISP's disciplinary segregation unit and moved to general population. *Id*. at 3. Prior to his move, he submitted a healthcare request form to have his tooth extracted because he believed the procedure would be done without his hands cuffed behind his back since he was being moved to general population. *Id*.

On June 21, McBride saw Dr. Ruckers to have his tooth extracted. *Id*. He again indicated he wanted to have the procedure done without his hands cuffed behind his back. *Id*. However, Sgt. Welch explained Warden Wardlow said the tooth extraction procedure would be performed with his hands cuffed behind his back per Indiana Department of Correction policy. *Id*. Because his tooth was painful, McBride agreed to undergo the procedure, but asked Sgt. Welch if he could have his hands cuffed in front of him. *Id*. Sgt. Welch told him that he could either have the procedure done with his hands cuffed behind his back or he would not have it done at all. *Id*.

In his complaint, McBride alleges that he should not have been forced to have his tooth extracted while he was lying in a dental chair with his hands cuffed behind his back. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westerfer v. Neal*, 682 F.3d 679 (7th Cir. 2021) (quotation marks, brackets, and citations omitted); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (prison officials are entitled to "wide-ranging deference" in their day-to-day operations of a correctional facility). McBride's complaint focuses solely on the decision to use handcuffs over his objection and does not allege any harm came to him because of it. While prison officials must afford inmates their constitutional rights, the procedures

used to restrain inmates when they are having dental work performed is the type of decision that would fall squarely within the discretion of prison officials. Accordingly, McBride has not stated a claim against Warden Wardlow, Dr. Ruckers, or Sgt. Welch.

This complaint does not state a claim for which relief can be granted. If McBride believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Curtis L. McBride until **July 5, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Curtis L. McBride that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED** on May 30, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT