UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURTIS L. MCBRIDE,<br><br>Plaintiff,<br><br>v.<br><br>WARDLOW, et al.,<br><br>Defendants. | CAUSE NO. 3:23-CV-1067-PPS-JEM |

## OPINION AND ORDER

Curtis L. McBride, a prisoner without a lawyer, filed an amended complaint against three defendants alleging they subjected him to excessive force when they forced him to have his hands cuffed behind his back during a procedure to extract a tooth.[1] [DE 9]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, McBride, who is housed at the Indiana State Prison ("ISP"), alleges essentially the same facts as he did in his original complaint. He states

---

[1] McBride filed the identical amended complaint twice. [*See* DE 8, 9].

that, on June 12, 2023, Dr. Ruckers, a prison dentist, told him one of his back teeth needed to be extracted. [DE 9 at 2]. He initially agreed to have the procedure done, but Dr. Ruckers and Sgt. Welch told him the procedure would be done while he was lying on a dental chair with his hands handcuffed behind his back. *Id.* McBride then refused to undergo the procedure and told Dr. Ruckers, Sgt. Welch, and a dental assistant that he previously required medical treatment—Prednisone and a steroid injection—for his wrists and shoulders after he had been cuffed for an excessive amount of time. *Id.*

On June 14, two days before he was to be released from ISP's disciplinary segregation unit, he submitted a healthcare request form to have his tooth extracted. *Id.* McBride submitted the request because he thought the procedure would be done without his hands being cuffed behind his back since he was being moved to general population. [DE 5 at 2].

On June 21, McBride saw Dr. Ruckers to have his tooth extracted. [DE 9 at 3]. He again told Dr. Ruckers and Sgt. Welch that he previously required medical treatment for his wrists after his hands had been cuffed for a long period of time. *Id.* Sgt. Welch responded to McBride by telling him that she was told by Major Wardlow (the other named defendant) that the procedure could only be done if McBride was cuffed. *Id.* He then pled with Sgt. Welch to allow him to have the procedure done with his hands cuffed in front of him. *Id.* Sgt. Welch rebuffed McBride telling him that he could either have the procedure done with his hands cuffed behind his back or he would not have it done at all. *Id.* Because his tooth was painful, McBride agreed to have his tooth extracted with his hands cuffed behind his back. *Id.*

McBride initially alleges Major Wardlow, Dr. Ruckers, and Sgt. Welch subjected him to excessive force when they forced him to have his hands cuffed behind his back during his dental procedure. [DE 9 at 4-5]. He asserts they knew about his prior injuries to his wrists, but ignored the risk that his wrists could be injured during his dental procedure. *Id*. Absent from his amended complaint is any allegation that the procedure he went through actually caused damage to his wrist, or excessive pain in his wrist, that he had feared.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* McBride has not plausibly alleged Major Warlow, Dr. Ruckers, or Sgt. Welch forced him to have his hands cuffed behind his back when he had his tooth extracted for the purpose of maliciously and sadistically harming him. Nor has he alleged his wrists were injured during the procedure. Accordingly, McBride has not stated excessive force claims against Major Wardlow, Dr. Ruckers, or Sgt. Welch.

McBride also alleges Dr. Ruckers' dental procedure was inhumane because he forcefully extracted his tooth by tugging, pulling, and yanking his head back and forth,

causing him to suffer unnecessary pain. [DE 9 at 5]. He alleges Sgt. Welch stood by and watched as Dr. Ruckers performed the inhumane procedure. *Id.*

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). "For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, [they] must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, McBride has not pled facts from which it can plausibly be inferred that Dr. Ruckers did not exercise his medical judgment when performing the dental procedure. In other words, his allegations about Dr. Ruckers tugging, pulling, and yanking his head back and forth during the procedure do not amount to deliberate indifference. Furthermore, since he has not alleged a constitutional violation, he may not proceed against Sgt. Welch on a failure to intervene claim. Accordingly, he has not stated claims against these two defendants.

This amended complaint does not state a claim for which relief can be granted. If McBride believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

ACCORDINGLY, the Court:

(1) **GRANTS** Curtis L. McBride until **February 14, 2025**, to file a second amended complaint; and

(2) **CAUTIONS** Curtis L. McBride if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: January 17, 2025.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT