UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURTIS L. MCBRIDE,

      Plaintiff,

      v.                        CAUSE NO. 3:23-CV-1067-PPS-JEM

WARDLOW, et al.,

      Defendants.

OPINION AND ORDER

Curtis L. McBride, a prisoner without a lawyer, filed a second amended complaint alleging the defendants subjected him to excessive force when they required that he have his hands cuffed behind his back if he wanted to proceed with a dental procedure to extract a tooth. ECF 15. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his second amended complaint, McBride alleges essentially the same facts as he did in his original and amended complaints. McBride, who was previously housed at the Indiana State Prison ("ISP"), states that, on June 12, 2023, a prison dentist named Dr. Ruckers told him one of his back teeth needed to be extracted. ECF 15 at 2. He initially

agreed to have the dental procedure done, but Dr. Ruckers and Sgt. Welch told him the procedure would be performed while he was lying on a dental chair with his hands cuffed behind his back. *Id*. McBride then refused to undergo the procedure and told Dr. Ruckers, Sgt. Welch, and a dental assistant that he previously required medical treatment—Prednisone and a steroid injection—for his wrists and shoulders after he had been cuffed for an excessive amount of time. *Id*. He further explained he recently had an ultrasound and the nurse performing the procedure told the officers to cuff his hands in front of his body for that procedure. *Id*.

On June 14, 2023, two days before he says he was scheduled to be released from the disciplinary segregation unit, he submitted another medical request form because his tooth was very painful. *Id*. McBride assumed that, because he believed was supposed to be released from segregation on June 16, he would be able to have the dental procedure without having his hands cuffed at all. *Id*.

On June 21, McBride was called back to see Dr. Ruckers. *Id*. He again explained to Dr. Ruckers and Sgt. Welch that he previously required medical treatment for his wrists after his hands had been cuffed for a long period of time. *Id*. at 3-4. Sgt. Welch responded to McBride by telling him that Major Wardlow told her the dental procedure would be done with McBride's hands cuffed behind his back. *Id*. at 4. McBride believed that "he should never even have been subjected to the rules that apply to other disciplinary segregation offenders at this time because my disciplinary segregation time was up." *Id.* He then asked Sgt. Welch to allow him to have the procedure done with his hands cuffed in front of him to avoid reinjuring his wrists. *Id*. McBride asserted that he

did not need to have his hands cuffed because he was not a violent inmate or a threat to anyone. *Id*. Sgt. Welch told McBride he could either have the procedure done with his hands cuffed behind his back or he would not have it done at all. *Id*. Because his tooth was painful, McBride agreed to have his tooth extracted with his hands cuffed behind his back while lying on the dental chair. *Id*. at 4-5. He asserts the procedure caused him to have pain in his wrists and shoulders, and resulted in further damage to his wrists and shoulders.[1] *Id*. at 5, 6.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*.

Here, McBride has not stated claims against any of the defendants. With respect to Major Wardlow, he first alleges Major Wardlow knew about his previous injuries to his wrists and shoulders, but would not allow Sgt. Welch to use an alternative method

---

[1] Following the dental procedure, McBride asserts he was "left with further damage to [his] wrist and shoulders . . . and [was] not sure what kind of long term damage was done." ECF 15 at 6. However, he does not describe the damage and does not allege he sought medical treatment for the alleged damage.

for restraining him during the dental procedure. ECF 15 at 6. McBride next asserts there was no reason for him to be cuffed during the procedure when Major Wardlow knew the prison's dental office was located in a secure room in the medical unit. *Id*. He further contends that the disciplinary segregation rule which required that he be restrained during a dental procedure did not apply to him because he should have been released from segregation five days earlier. *Id*. at 4. It is unclear from the pleadings if McBride was still being held in disciplinary segregation during June 21, 2023 appointment, or if he had actually been released. He alleges that he was "supposed to be released from segregation" before the next appointment, not that he actually was. *Id.* at 4. Regardless, McBride has not plausibly alleged that Major Wardlow's decision that a prisoner who was currently or recently in disciplinary segregation should have his hands handcuffed behind his back instead of in front of him during a tooth extraction, was not done in good faith to maintain order, much less that it was done with malicious or sadistic intent. He has not stated a claim against Major Wardlow.

With respect to Dr. Ruckers, McBride alleges Dr. Ruckers forcibly tugged and pulled on his tooth to remove it. ECF 15 at 5. He asserts Dr. Ruckers performed the procedure knowing his tooth was infected and his wrists and shoulders had been previously injured when he had been cuffed for an excessive amount of time. *Id*. at 7. McBride further contends Dr. Ruckers knew he recently had an ultrasound and the procedure was done in a locked room with his hands cuffed in front of him. *Id*. McBride has not plausibly alleged that Dr. Ruckers extracted his tooth with his hands cuffed behind his back for the purpose of maliciously and sadistically causing him harm. The

4

fact that he told Dr. Ruckers he had previously received an ultrasound where the nurse required that he be handcuffed in the front instead of the back does not change this. A decision by a different medical provider who was providing a different medical service at a different time asked that his hands be cuffed in a different way does not feasibly suggest that, by not asking the officers to do the same thing for a tooth extraction, Dr. Ruckers was acting sadistically or maliciously. He has not stated an excessive force claim against Dr. Ruckers.

With respect to Sgt. Welch, McBride alleges she ignored the risk that his wrists would be further injured when he was placed in cuffs behind his back to undergo the dental procedure. ECF 15 at 8. He further asserts Sgt. Welch stood by and ignored his pain and cry for help while Dr. Ruckers performed the tooth extraction. *Id*. McBride has not plausibly alleged Sgt. Welch was deliberately indifferent to his pain when following the directive of her superior, Major Wardlow, by requiring that his hands be cuffed behind his back during the procedure and for not stopping the procedure when McBride cried out. Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). Following Major Wardlow's decision that an inmate who was either currently or recently in disciplinary segregation should not have their hands cuffed in the front during a tooth extraction during which the inmate is conscious was not deliberately indifferent. Further, while

the fact that McBride cried out during the tooth extraction indicates that Sgt. Welch would have known he was in pain, we cannot say that an officer that does not step in to stop a medical professional from continuing an agreed-to tooth extraction to remove a painful tooth because a patient cries out is engaging in behavior that could constitute deliberate indifference.

McBride next alleges that Dr. Ruckers's dental procedure was inhumane because he forcibly extracted the tooth by tugging and pulling on it, which caused him pain. ECF 15 at 5. He contends Sgt. Welch stood by and watched as Dr. Ruckers performed the inhumane dental procedure. *Id*. at 8.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, [they] must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Inmates are "not entitled to demand

specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, McBride has not pled facts from which it can plausibly be inferred that Dr. Ruckers did not exercise his medical judgment when performing the dental procedure. In other words, McBride's allegations that Dr. Ruckers extracted his tooth by tugging and pulling on it do not amount to deliberate indifference. The fact that he had previously suffered wrist pain from having his hands cuffed for too long does not mean that Dr. Ruckers was deliberately indifferent for performing the procedure with McBride's hands behind him, nor does it even support that the previous wrist and shoulder pain, which he stated was treated, was a serious condition at the time of his tooth extraction. Furthermore, since McBride has not alleged a proper constitutional violation, he may not proceed against Sgt. Welch on a failure to intervene in the procedure claim. He has not stated claims against either Dr. Ruckers or Sgt. Welch on these grounds.

McBride has been given two opportunities to correct the deficiencies in his original complaint by filing a second amended complaint. However, his second amended complaint fails to state any constitutional claim. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where .

. . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the second amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: April 24, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE